**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DEMARCUS D. LATIN,**

**Plaintiff,**

**v.**

**ROB JEFRREYS, MICHELLE NEESE, and MS HUDDLESON,**

**Defendant.**

**Case No. 23-cv-03245-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff DeMarcus Latin, currently housed at the Winnebago County Jail, commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Robinson Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that after he arrived at Robinson Correctional Center (Robinson), he received a sentence calculation sheet that had incorrectly calculated his projected release date. (Doc. 1, p. 7). He asserts that staff did not properly give him credit for the time served in county jail in accordance with his plea agreement. His release date should have been May 15, 2019, but Plaintiff was not released on parole until November 16, 2019. Plaintiff states that he was incarcerated approximately 180 days passed the day he was entitled to be released.

Plaintiff also alleges that on February 11, 2019, he requested a pair of state issued boots. (Doc. 1, p. 7-8). His request was denied, and he was told that boots are distributed based on job assignment. Plaintiff states that without boots he could not go to yard because his shoes were slip-ons and not snow and water resistant. (*Id.*).

## DISCUSSION

Plaintiff's claims are barred by the statute of limitations, and this case will be dismissed with prejudice. Claims brought pursuant to Section 1983 borrow the statute of limitations from the state in which the alleged violation occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois has a two-year statute of limitations for personal injury claims. *See* 735 ILCS 5/13-202. Thus, the applicable statute of limitations for Section 1983 claims arising in Illinois is two years. *See Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 766 (7th Cir. 2013). When calculating the statute limitations for a Section 1983 claim, the court "must toll the limitations period while a prisoner completes the administrative grievance process." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018). And finally, although statute of limitations is usually an affirmative defense raised by defendants, a court may sua sponte dismiss a case at Section 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

The two-year statute of limitations against Defendants expired on Plaintiff's Eighth Amendment claim that he was incarcerated for too long before he filed this lawsuit. Liberally construing the Complaint, the Court will assume that Plaintiff's claim accrued on March 19, 2019, when he filed a grievance complaining that his sentenced had been miscalculated. (Doc. 1, p. 40). In accordance with grievance procedures, the grievance was reviewed by a counselor and a grievance officer, and the Administrative Review Board issued a final decision on July 17, 2019.

*See* 20 ILL. ADMIN. CODE § 504.800, *et seq.* Thus, by July 17, 2019, he had finished exhausting his administrative remedies. His Complaint, signed September 18, 2023, and received by the Court on October 2, 2023, was filed well beyond the two-year statute of limitations.

Likewise, Plaintiff's claim that he was not given boots in the winter months at Robinson is also barred by the two-year statute of limitations. Plaintiff completed the grievance process by June 5, 2019, but he did not initiate this legal action for another four years. (Doc. 1, p. 13). Accordingly, because Plaintiff did not timely file his suit within the two-year statute of limitations, his claims and this entire case will be dismissed with prejudice.

**DISPOSITION**

As stated above, the Complaint is **DISMISSED with prejudice** as untimely filed outside of the statute limitations. All pending motions are **DENIED** as moot. (Doc. 10).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 19, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**